UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN D. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 5:20-cv-00372-MHH-JEO |
| DEBRA TONEY, et al., | ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

The plaintiff filed a *pro se* complaint in which he alleges violations of his civil rights while incarcerated in Limestone Correctional Facility. (Doc. 1). The plaintiff names as defendants Warden Debra Toney and Correctional Officer Deante R. Clemons. (*Id*., at 2). The plaintiff seeks criminal charges against Officer Clemons, a transfer from Limestone Correctional Facility, monetary damages, and a disciplinary report expunged from his record. (*Id.*, at 8). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

**I. Standard of Review**

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. 28

U.S.C. § 1915A.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted.  *Id.*  Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).  *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, when a successful affirmative defense, such as the applicable statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

The plaintiff asserts CO Isom gave him the wrong dinner tray on March 9, 2020. (Doc. 1 at 5). Although the plaintiff asked Isom to replace it with the correct tray, Isom did not. (*Id*.). The plaintiff told defendant CO Clemons he did not get

3

the right dinner tray and asked to speak with a supervisor. (*Id.*). Clemons responded that he could not do anything about it. (*Id.*).

The plaintiff then saw Clemons passing a cigarette lighter to inmates in segregation. (Doc. 1 at 5). When Clemons reached the plaintiff's cell, the plaintiff asked Clemons for the lighter. (*Id.*). Clemons handed it to the plaintiff, who then stated he would not return the lighter until defendant Clemons either contacted a supervisor or got him the proper dinner tray. (*Id.*). Clemons told the plaintiff's cellmate to cuff up, then removed the cellmate from the cell. (*Id.*). Clemons returned, entered the plaintiff's cell, and punched the plaintiff in the face multiple times. (*Id.*, at 6). The plaintiff had to grab Clemons and "put him in a headlock to stop the vicious assault he was bringing upon me." (*Id.*). Clemons then calmed down, and located his ADOC hat under the bottom bunk. (*Id.*). When Clemons went to retrieve his hat, the plaintiff ran from the cell to the showers, "scared for his life" and with his face bleeding badly. (*Id.*).

CO Isom saw the plaintiff in the shower and stated he may need stitches. (Doc. 1 at 6). CO Bates and CO Lindsey came to the shower and took the plaintiff the health care unit for medical attention and a body chart. (*Id.*). When the plaintiff returned to his cell, his cellmate stated that Clemons paid him a pack of cookies and a blueberry danish to clean up the blood from the cell. (*Id.*). Clemons then returned

to the plaintiff's cell to ask the plaintiff and his cellmate to claim they got in a fight with each other, or for the plaintiff to say he fell, but the plaintiff said he would not lie and had already given a statement while at the health care unit. (*Id*., at 6-7).

### III. Analysis

#### A. *Official Capacity Claim against Warden Toney*

Under the Eleventh Amendment, state officials sued for damages in their official capacities are immune from suit in federal court. *Jackson v. Ga. Depart. of Transp*., 16 F.3d 1573, 1575 (11th Cir. 1994). A prison warden, employed by the Alabama Department of Corrections, is a state official. *Jacoby v. Thomas*, 2019 WL 5697879, *1 (11th Cir. Oct. 16, 2019). Accordingly, the plaintiff's claim against defendant Toney in her official capacity is due to be dismissed.

#### B. *Supervisor Claim against Warden Toney*

The plaintiff's claim against Warden Toney states solely that, as Warden, she is liable for the actions of her correctional officers. (Doc. 1 at 4). Even if sued in her individual capacity, as a supervisor Warden Toney is "not liable under § 1983 for the unconstitutional acts of [her] subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cty., Ga*., 749 F.3d 1034, 1047 (11th Cir. 2014) (*quoting Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)); *see also Case v. Riley*, 270 F.App'x 908, 911 (11th Cir. 2008) ("claims against supervisory

5

personnel who did not personally participate in the acts complained of are not actionable under § 1983.").

To bring an Eighth Amendment claim against a defendant in his or her role as a supervisor, the plaintiff must allege either that the supervisor personally participated in the unconstitutional conduct or show a causal connection between the supervisor's actions and the alleged constitutional violation. *Magwood v. Sec'y, Fla. Dep't of Corr.*, 652 F.App'x 841, 844 (11th Cir. 2016) (citing *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)). A causal connection may be established when 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citing *Cottone*, 326 F.3d at 1360).

The plaintiff's allegations against Warden Toney fail to demonstrate any causal connection to an alleged constitutional deprivation, and therefore fail to state a claim upon which relief may be granted.

### C. *Excessive Force Claim against Correctional Officer Clemons*

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously or sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotations and alteration omitted). In determining whether force was applied "maliciously and sadistically," the court must consider "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted upon the prisoner; (4) the extent of the threat to the safety of state and inmates; and (5) any efforts made to temper the severity of a forceful response." *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) (internal quotations and citations omitted). After considering these factors, the court may draw inferences about "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Skrtich*, 280 F.3d at 1300-01.

Applying the relevant factors to the facts alleged, the plaintiff refused to return a lighter to defendant Clemons. In response, Clemons removed the plaintiff's cellmate, then reentered the plaintiff's cell and repeatedly punched him in the face. While the plaintiff may have failed to comply with instructions from a prison official, lesser amounts of force than repeatedly punching the plaintiff in the face

7

may have been appropriate to retrieve the lighter. In this posture, the actions of Clemons in repeatedly striking the plaintiff in the face survive the review mandated by 28 U.S.C. § 1915A. The undersigned therefore recommends that the Eighth Amendment excessive force claim against defendant Clemons remain pending.

## IV. Recommendation

For the reasons stated above, the undersigned magistrate judge **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** against defendant Toney, and **FURTHER RECOMMENDS** that the plaintiff's claim for excessive force against Officer Clemons be referred to the undersigned for further action consistent with this opinion.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

Upon receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED** this 13th day of May, 2020.

_John E. Ott_
**JOHN E. OTT**
Chief United States Magistrate Judge